# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division
Case No. 0:23-cv-60782-AHS

MORGAN M. SACCONE,
An Individual,

      Plaintiff(s),
vs.

CARSTRADA, INC.,
a Florida Corporation,
and WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL
SERVICES,
A Foreign corporation,

      Defendant(s).
_____/

### DECLARATION OF ROBERT W. MURPHY, ESQ. IN SUPPORT OF AWARD OF ATTORNEY'S FEES AND COSTS

THE UNDERSIGNED, Robert W. Murphy, hereby declares pursuant to Fla. Stat. §92.525 as follows:

1. I am a licensed attorney with offices in Florida and Virginia and have been a member of the Florida Bar since 1987. I am admitted to practice in Florida, Virginia, Georgia, and Wisconsin and in federal courts throughout the United States.

2. From 1993 to the present, my practice has focused on consumer litigation in individual and class actions and arbitration proceedings.

3. I am familiar with the fees generally charged by attorneys representing parties in consumer matters in South Florida.

4. I was retained by counsel for Plaintiff, MORGAN M. SACCONE ("Ms. Saccone"), to review the record and opine on the legal fees of counsel for Ms. Saccone.

5. I have evaluated the legal services provided by Joshua Feygin, Esq. in the claim filed before the Federal District Court for the Southern District of Florida, styled *Morgan Saccone v. Carstrada, Inc. et al*, Case No. 0:23-cv-60782-AHS ("Litigation").

6. Specifically, I have reviewed the relevant filings in the Litigation and the work performed by Attorney Feygin.

7. I have also reviewed the attorney time ledgers for legal services rendered by Attorney Feygin: Total attorney's fees of $18,840.00 (47.10 hours x $400/hour) and $637.05 in costs incurred during the time period from 01/02/2023 through 04/29/2024.

8. In arriving at my professional opinion of reasonable attorney's fees to be allowed to Claimant Counsel in this matter, I applied the "Lodestar Method" which multiplies the number of hours counsel reasonably worked on the matter by the prevailing market rate for such work. In assessing the reasonableness, I considered the factors set forth in Florida Rule of Professional Conduct 4-1.5:

> (A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
>
> (D) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

2

(E) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

(F) the nature and length of the professional relationship with the client;

(G) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

(H) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

9.  In this case, Attorney Feygin seeks an hourly rate of $400.00.

10. I have known Attorney Feygin since 2017 and have litigated cases with Attorney Feygin in the capacity of both opposing counsel and co-counsel. I have also known Attorney Feygin in his capacity as a fellow member of the National Association of Consumer Advocates, which is an organization of over 1,500 consumer lawyers in the United States.

11. I find the hourly rates claimed by Attorney Feygin within the range of prevailing market rates in South Florida for similar work by attorneys with the level of experience and expertise of his. If anything, I find his hourly rates to be on the lower end of what would be considered reasonable for an attorney with his respective level of particularized experience.

12. I find the number of hours worked on this case by respective counsel to be reasonable.

13. Multiplying the number of hours expended by the hourly rate of Attorney Feygin and based on my finding that the rates and time spent are reasonable, in my professional opinion

3

the aggregate amount of $18,840.00 is a fair and reasonable attorneys' fee to be allowed and awarded for the services rendered in the instant proceeding.

14. The costs incurred of $637.05 were reasonable and necessary for the prosecution of the claims of Ms. Saccone.

15. I have agreed to provide an opinion as to fees and costs on behalf of Ms. Saccone under an agreement with Claimant Counsel that provides for compensation at the rate of $575 an hour. I have spent 1.25 hours preparing my opinion and will charge Claimant Counsel $718.75 for my services. My work included reviewing the court file on PACER and the time records of Claimant Counsel as well as communicating with Claimant Counsel as to the legal issues and work performed.

I DECLARE under penalty of perjury under the laws of the State of Florida that the foregoing is true and accurate to the best of my knowledge.

Dated:   May 6, 2024.

_____
ROBERT W. MURPHY