**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Ft. Lauderdale Division
Case No. 0:23-cv-60782-AHS

MORGAN M. SACCONE,
An Individual,

    Plaintiff(s),

vs.

CARSTRADA, INC.,
a Florida Corporation,
and WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL
SERVICES,
A Foreign corporation,

    Defendant(s).
_____/

## DECLARATION OF MORGAN SACCONE

**THE UNDERSIGNED**, MORGAN SACCONE, an individual, hereby declares pursuant to Fla. Stat. §92.525 and 28 U.S.C. § 1746 as follows:

1. I am over the age of eighteen and have personal knowledge of the statements contained herein.

2. I am the Plaintiff in this action.

3. When I purchased the vehicle that is the subject of this lawsuit, I tendered a $4,000 cash deposit and I was provided a $4,000 trade-in allowance for a total down-payment of $8,000 ("Down-Payment").

4. In furtherance of my dispute with Defendant, Carstrada, Inc. ("Defendant"), on or about March 3, 2023, my Attorney, Joshua Feygin ("Attorney Feygin"), prepared a demand package consisting of a pre-suit demand made pursuant to Fla. Stat. 501.98 ("FDUTPA Demand"); a Notice of Revocation of Acceptance; (3) a demand for violation of the Odometer Act; and, (4) a

Demand for Insurance Disclosure.

5. Attorney Feygin sent me copies of all four demands on or about March 02, 2024 via e-mail.

6. Thereafter, Attorney Feygin conveyed Carstrada, Inc's ("Defendant") settlement offer to resolve the dispute on or about March 18, 2024. Following receipt of the same, I rejected the offer as it was not satisfactory given the damages I had sustained.

7. I authorized Attorney Feygin to issue a settlement proposal that would account for all of the damages I had sustained. The proposal is attached hereto as Exhibit "A."

8. In addition to the demands delivered to the Defendant, I initiated a claim against the Defendant's surety bond with Hudson Insurance Company ("Bond Claim").

9. In support of the Bond Claim, I executed a bond claim form wherein I referenced the FDUTPA Demand as the basis of the claims made against the bond. In addition, I referenced the FDUTPA Demand for my damages against. The bond claim form is attached hereto as Exhibit "B."

10. Ultimately, the surety bond settled the Bond Claim in my favor in exchange for a release and tendered $8,240 which aligned with the diminution of value damages sought within the FDUTPA Demand.

11. It was my understanding the $8,240 tendered in settlement of the Bond Claim represented the diminution of value of the vehicle and that no portion of that amount was meant to resolve my Down-Payment damages or any other claims for damages.

12. When executing the release for the Bond Claim, I did not intend to resolve any other claims against the Defendant and understood that I would be able to pursue the remainder of

2

my claims.

13. Following initiation of this lawsuit, Attorney Feygin was able to obtain a settlement with co-Defendant, Westlake Financial Services ("Westlake").

14. No portion of the settlement with Westlake was intended to nor did it resolve my Down-Payment damages which were likewise unresolved by the Bond Claim.

15. At the time I executed the declaration in support of my Motion for Default Judgment, I had not been reimbursed my Down-Payment in the amount of $8,000.

**I DECLARE** under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Dated:   May 29, 2024.

_____
MORGAN SACCONE

3

# EXHIBIT A



P: 954.321.0507
F: 954.697.0357
W: www.sueyourdealer.com
E: josh@sueyourdealer.com

March 23, 2023

**CARSTRADA, INC.**
C/o: Val Sigal
6023 Hollywood Boulevard
Hollywood, FL 33024
**VIA EMAIL ONLY:** carstrada@gmail.com

Re:     MORGAN M. SACCONE v. CARSTRADA, INC.

***PRIVILEGED SETTLEMENT COMMUNICATION***

Dear Val Sigal:

Plaintiff, MORGAN M. SACCONE (hereinafter the "Plaintiff"), has authorized the undersigned to extend the following proposal of settlement to CARSTRADA, INC. (hereinafter the "Defendant"):

   **I.**     *Settlement Proceeds* – In settlement of this dispute, Defendant shall tender TWENTY THOUSAND FIFTEEN DOLLARS and 72/100 CENTS ($20,015.72) representing:

   (1)     $9,515.72 in actual damages, consisting of:

       (a)     $704.88 for window tinting,
       (b)     $4,000.00 for the down payment for the vehicle,
       (c)     $4,000.00 for the trade-in allowance; and,
       (d)     $810.84 representing the 3 monthly payments on the loan to Westlake.

   (2)     $10,500.00 in statutory damages, consisting of:

       (a)     $10,000.00 representing statutory damages for violations of the Odometer Act; and,
       (b)     $500.00 representing the FDUPTA statutory surcharge.

The above amounts will be in a form made payable to the Trust Account of SUE YOUR DEALER – A LAW FIRM, which shall be delivered within ten (10) days from the execution of the appropriate settlement documents.

   **II.**     *Attorney's Fees* - Plaintiff seeks the payment of reasonable attorney's fees and costs in the amount of THREE THOUSAND TWO HUNDRED EIGHT DOLLARS ($3,208.00). If an agreement is not reached with respect to the attorney's fees, the parties agree that the issue will be resolved by the Court with Plaintiff as the prevailing party for purposes of determining attorney's fees and costs. Defendant shall issue a single 1099 tax form with respect to the payment of the attorney's fees and costs in this matter to the taxpayer identification number of SUE YOUR DEALER- A LAW FIRM, to-wit: 88-4088342.

   **III.**     *Satisfaction of Loan* - In consideration for the resolution of the dispute, the Defendant shall satisfy in full the unpaid balance on the account with Westlake Services with respect to the purchase of the subject vehicle by no later than 48 hours of their receipt



P: 954.321.0507
F: 954.697.0357
W: www.sueyourdealer.com
E: josh@sueyourdealer.com

of Plaintiff's executed settlement agreement. The Defendant shall provide counsel for Plaintiff with proof of the satisfaction of the loan, i.e., a copy of the check or draft payable to Westlake Services or other document otherwise indicating the satisfaction of the loan in full. Defendant shall agree to accept the subject vehicle where-is, as-is and shall be solely responsible from retrieving the vehicle from the Plaintiff.

**IV.** *Tax Treatment of Settlement* - The parties agree and acknowledge that the settlement of this matter is in the nature of a compromise of a disputed claim. Accordingly, Defendant **shall not** issue a 1090/1099 tax report to the Internal Revenue Service.

**V.** *Mutual Release* - Defendant and Plaintiff shall execute a mutual release discharging one another from any and all further liability arising from the instant proceeding.

**VI.** *Dismissal* – As applicable, Defendant and Plaintiff shall execute and file a joint notice of voluntary dismissal with prejudice as to one another and the individual claims of Plaintiff only upon payment of the settlement proceeds as set forth in Paragraph I, the attorney's fees contemplated by Paragraph II and the negotiation and execution of the mutual release as set forth in Paragraph V above.

This letter is for settlement purposes only. All statements contained herein are subject to the negotiation privilege and shall not be admissible in any civil proceeding to prove liability or the value of a claim. This correspondence shall, however, be used in support of a contingency fee multiplier award. The settlement of this matter is made expressly contingent on the execution of the appropriate settlement documents by the respective parties.

The above offer will expire if not accepted in writing within FIVE (5) days of your receipt of this correspondence.

Sincerely,

/s/

_____
**Joshua Feygin, Esq.**
1930 Harrison Street
Suite 208F
Hollywood, FL 33020
T. 954-228-5674
F. 954-697-0357
E. Josh@JFeyginESQ.com
www.JFeyginESQ.com

Cc: Client

# EXHIBIT B

# HUDSON INSURANCE GROUP

## Claim Form

| **CLAIMANT INFORMATION** |
|---|
| **Claimant's Name:** Morgan M. Saccone |
| **Claimant's Address:** C/O: 1930 Harrison Street, Suite 208 F, Hollywood, FL 33020 |
| **Claimant's Telephone Number:** 954.228.5674 |
| **Claimant's Email Address:** josh@sueyourdealer.com |
| **May we use email for all future communications (check one):** Yes ☑  No ☐ |
| **CLAIM INFORMATION** |
| **Claim is hereby made against (Name of Dealership):** Carstrada, Inc. |
| **Bond Number:** 60007183 |
| **Department of Highway Safety and Motor Vehicles ("DMV") Complaint No:** |
| **Date of Transaction (purchase or sale):** November 29, 2022 |
| |
| **Detailed Explanation of Claim:** |
| See FSS 501.98 demand delivered to Hudson and enclosed once more herein. |
| |
| |
| |
| |
| |
| **State the amount of your claim against the Bond:** $  See FSS 501.98 demand. |
| **Itemize claimed damages:** |
| See FSS 501.98 demand delivered to Hudson and enclosed once more herein. |
| |
| |
| **\*\*Please attach all documents that support your claim, including but not limited to all transaction documents (i.e. Bill of Sale, Finance Agreement) receipts, and DMV Report. \*\*** |

## **DECLARATION**

The undersigned declares, (1) I am authorized to submit this Claim on behalf of the claimant; and (2) all documents attached to this proof of claim are true and accurate to the best of my knowledge, information and belief.

I further acknowledge that I understand any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

| 03/24/23 | *Morgan Saccone* |
|---|---|
| Date | Claimant |

**NOTICE: Hudson Insurance Group hereby reserves all rights and defenses available to it under State law and by providing this proof of claim form does not waive any such rights or defenses it might have to the claim. This document should not be considered a promise to pay.**

2