

JOSHUA FEYGIN <josh@sueyourdealer.com>

## 2019 Honda HRV Morgan Saccone

**JOSHUA FEYGIN** <josh@sueyourdealer.com>  Mon, Mar 27, 2023 at 5:24 PM
To: Sales Dep <carstrada@gmail.com>

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

Val Sigal/Carstrada:

I have conveyed your offer to my Client and it has been rejected. If the dealership has any desire to resolve this matter for reasonable compensation in light of its liability in this matter, attached is the Plaintiff's settlement proposal for consideration.

As an aside, I trust you have been contacted by legal counsel for Hudson who has requested that you either resolve the claim or tender indemnification pursuant to the terms of the surety bond rider. What Hudson has likely failed to inform you is that in the event you resolve Ms. Saccone's demand for actual damages, you will still be liable to Ms. Saccone for the rest of her claims.

Stated differently- resolving Ms. Saccone's demand for actual damages will effectively release the surety bond company from liability (as it is arguably only liable for her actual damages) but it will not shield the dealership from liability moving forward. Carstrada will still have liability and exposure to Ms. Saccone's remaining claims- which she fully intends on pursuing irrespective of any partial settlement. We certainly will not shy away from litigating this case.

To that end, it is in the best interest of the dealership to resolve *all* of Ms. Saccone's claims.

Regards,

Joshua Feygin, Esq.
- 954.321.0507
- www.sueyourdealer.com
- josh@sueyourdealer.com
- 1930 Harrison St., Ste 208F
  Hollywood, FL 330020



[Quoted text hidden]

 **Settlement Proposal 1 Saccone.pdf**
196K



P: 954.321.0507
F: 954.697.0357
W: www.sueyourdealer.com
E: josh@sueyourdealer.com

March 23, 2023

**CARSTRADA, INC.**
C/o: Val Sigal
6023 Hollywood Boulevard
Hollywood, FL 33024
**VIA EMAIL ONLY:** carstrada@gmail.com

Re:   MORGAN M. SACCONE v. CARSTRADA, INC.

**PRIVILEGED SETTLEMENT COMMUNICATION**

Dear Val Sigal:

Plaintiff, MORGAN M. SACCONE (hereinafter the "Plaintiff"), has authorized the undersigned to extend the following proposal of settlement to CARSTRADA, INC. (hereinafter the "Defendant"):

    **I.**   *Settlement Proceeds* – In settlement of this dispute, Defendant shall tender TWENTY THOUSAND FIFTEEN DOLLARS and 72/100 CENTS ($20,015.72) representing:

    (1)   $9,515.72 in actual damages, consisting of:

        (a)   $704.88 for window tinting,
        (b)   $4,000.00 for the down payment for the vehicle,
        (c)   $4,000.00 for the trade-in allowance; and,
        (d)   $810.84 representing the 3 monthly payments on the loan to Westlake.

    (2)   $10,500.00 in statutory damages, consisting of:

        (a)   $10,000.00 representing statutory damages for violations of the Odometer Act; and,
        (b)   $500.00 representing the FDUPTA statutory surcharge.

The above amounts will be in a form made payable to the Trust Account of SUE YOUR DEALER – A LAW FIRM, which shall be delivered within ten (10) days from the execution of the appropriate settlement documents.

    **II.**   *Attorney's Fees* - Plaintiff seeks the payment of reasonable attorney's fees and costs in the amount of THREE THOUSAND TWO HUNDRED EIGHT DOLLARS ($3,208.00). If an agreement is not reached with respect to the attorney's fees, the parties agree that the issue will be resolved by the Court with Plaintiff as the prevailing party for purposes of determining attorney's fees and costs. Defendant shall issue a single 1099 tax form with respect to the payment of the attorney's fees and costs in this matter to the taxpayer identification number of SUE YOUR DEALER- A LAW FIRM, to-wit: 88-4088342.

    **III.**   *Satisfaction of Loan* - In consideration for the resolution of the dispute, the Defendant shall satisfy in full the unpaid balance on the account with Westlake Services with respect to the purchase of the subject vehicle by no later than 48 hours of their receipt



P: 954.321.0507
F: 954.697.0357
W: www.sueyourdealer.com
E: josh@sueyourdealer.com

of Plaintiff's executed settlement agreement. The Defendant shall provide counsel for Plaintiff with proof of the satisfaction of the loan, i.e., a copy of the check or draft payable to Westlake Services or other document otherwise indicating the satisfaction of the loan in full. Defendant shall agree to accept the subject vehicle where-is, as-is and shall be solely responsible from retrieving the vehicle from the Plaintiff.

**IV.**   *Tax Treatment of Settlement* - The parties agree and acknowledge that the settlement of this matter is in the nature of a compromise of a disputed claim. Accordingly, Defendant **shall not** issue a 1090/1099 tax report to the Internal Revenue Service.

**V.**   *Mutual Release* - Defendant and Plaintiff shall execute a mutual release discharging one another from any and all further liability arising from the instant proceeding.

**VI.**   *Dismissal* – As applicable, Defendant and Plaintiff shall execute and file a joint notice of voluntary dismissal with prejudice as to one another and the individual claims of Plaintiff only upon payment of the settlement proceeds as set forth in Paragraph I, the attorney's fees contemplated by Paragraph II and the negotiation and execution of the mutual release as set forth in Paragraph V above.

This letter is for settlement purposes only. All statements contained herein are subject to the negotiation privilege and shall not be admissible in any civil proceeding to prove liability or the value of a claim. This correspondence shall, however, be used in support of a contingency fee multiplier award. The settlement of this matter is made expressly contingent on the execution of the appropriate settlement documents by the respective parties.

The above offer will expire if not accepted in writing within FIVE (5) days of your receipt of this correspondence.

Sincerely,

/s/

_____
**Joshua Feygin, Esq.**
1930 Harrison Street
Suite 208F
Hollywood, FL 33020
T. 954-228-5674
F. 954-697-0357
E. Josh@JFeyginESQ.com
www.JFeyginESQ.com

Cc: Client