

JOSHUA FEYGIN <josh@sueyourdealer.com>

## Meet/Confer: Plaintiff's Motion for Default - Case Name: Saccone v. Carstrada, Inc. et al Case Number: 0:23-cv-60782-AHS

**JOSHUA FEYGIN** <josh@sueyourdealer.com>  Mon, Feb 26, 2024 at 10:12 AM
To: Roger Barry Davis <rogerlaw1@aol.com>

Counselor:

It was a pleasure to speak with you yesterday. At your request, below is a summary of the evolution of this matter so you can get up to speed in advance of your meeting with Mr. Sigal today. After reviewing the below and speaking with your client, please let me know its position with respect to the Motion for Default Final Judgment along with what it sees as the path moving forward here.

Following defendant's refusal to settle Miss Sacccone's Odometer Act claim, the attached complaint was filed on 04/27/23.
The basis of the Plaintiff's claims are grounded in the Defendant's withholding of the certificate of title with intent to defraud through concealment of prior ownership history. Murphy's 11th Circuit Case *Samkle* v. *Owens* is instructive. A copy of the decision is attached for ease of reference.
Multiple service attempts were unsuccessful given Defendant failed to maintain RA hours and Mr. Sigal's address as reflected in the SunBiz listing for the business was inaccurate.
Plaintiff obtained an Order to serve Defendant through Sec. of State on 06/29/23. [DE 15].
Substitute service through Sec. of State was effectuated leading to the entry of a clerk's default on 07/28/23. [DE 22].
On 08/09/23 your Client filed with the Court a "Motion to Reopen Case," pro se. The Court denied the Motion without prejudice and afforded your Client up to and through August 25, 2023 to obtain counsel. [DE 26].
On or about 12/12/23, Plaintiff reached a confidential settlement with Defendant West Lake.
Westlake failed to timely tender proceeds leading to a Motion to Compel Enforcement and MFET to comply with the Court's Order to file stip of dismissal. [DE 38]
Show Cause Order entered on 02/23/24 due to WL and Plaintiff failing to file a Joint Stip of Dismissal by 02/22/24. [DE 47].

### FRE 408 Offer of Compromise and Settlement Negotiation Communication

At present, Miss Saccone's actual damages encompass her $8,000 down-payment which is subject to being trebled pursuant to 49 U.S.C. §32710(b). This amount was not satisfied by and through the partial settlement with Westlake. Westlake's position on reimbursement of a deposit/downpayment has historically been that those funds are not tendered to WL and thus should be pursued exclusively from the dealership.
Miss Saccone also seeks the recovery of $10,240 as and for her reasonable attorney's fees and costs at the undersigned's lodestar of $400/hr. This is what remains following the application of the amounts tendered by Westlake in partial settlement of her claim.

To the extent that the Defendant believes that its tender of settlement proceeds within the FSS 501.98 safe harbor absolves it of liability, FSS 501.213 makes clear that the remedies available under FDUTPA are without regard to any other remedies available to an aggrieved consumer. Moreover, Plaintiff has not raised a claim under Ch. 501, FS.

Given the evolution of the matter and Miss Saccone's desire to resolve the case without further incurring additional time, I am authorized to settle this matter for payment of $10,000 in damages to Miss Saccone (statutory minimum under the Act) and $7,000 in fees/costs to my Firm. This is Miss Saccone's firm and final settlement demand given the present posture of this matter. I am presenting this offer so you and your client may assess the situation competently. Although we haven't worked together before in the past, when I say "*firm and final,*" I truly mean it. To the extent your client needs terms, we are amenable to discussing the same. However, my Client would insist upon a personal guarantee by Mr. Sigal.

If we are settled, please let me know and I will inform the Court by way of a Joint Notice of Settlement. If we are not settled, please provide your client's position with respect to the Motion for Default Final Judgment.

Regards,

**Joshua Feygin, Esq.**

Attorney at Law

954.321.0507
josh@sueyourdealer.com
www.sueyourdealer.com
1930 Harrison St. Suite 208
Hollywood, FL 33020



[Quoted text hidden]

**6 attachments**


**saccone ex b filed.pdf**
481K


**saccone complaint filed.pdf**
296K


**saccone ex a filed.pdf**
355K

**saccone ex d filed.pdf**
1561K

**saccone ex c filed.pdf**
2043K

**Owens v. Samkle Auto. Inc. _ 425 F.3d 1318.PDF**
268K